UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

JEREMIAH N. GARRETT,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 6:19-019-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jeremiah N. Garrett is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Garrett filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Garrett's petition.

In 2011, Garrett pled guilty to two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841.[1] The trial court then determined that Garrett was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or controlled substance offense. As a result, Garrett's sentence was enhanced, and the trial court sentenced him to 216 months in prison. Garrett subsequently tried to vacate his sentence

---

[1] The procedural history comes from Garrett's petition and his underlying criminal case of *United States v. Garrett*, No. 4:11-cr-40004 (S.D. Ill. 2011).

pursuant to 28 U.S.C. § 2255 and reduce his sentence pursuant to 18 U.S.C. § 3582(c), but his efforts were unsuccessful.

Garrett has now filed a § 2241 petition with this Court, and he puts forth two arguments. First, Garrett argues that one of his prior felony convictions no longer constitutes a crime of violence in light of intervening Supreme Court case law, including but not limited to *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Thus, Garrett claims "actual innocence of being a career offender." [R. 1 at 3, 5]. Second, Garrett argues that his sentence should be reduced in light of certain amendments to the sentencing guidelines. [R. 1 at 5]. Ultimately, Garrett asks this Court to vacate his sentence and order that he be released immediately. [R. 1 at 8].

Garrett's petition, however, constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Garrett cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit indicated for the first time that a prisoner may

2

challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the trial court sentenced Garrett in 2011, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Garrett's claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his federal sentence. *See Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). And to the extent that Garrett argues that his sentence should be reduced in light of certain amendments to the sentencing guidelines, he cites no legal authority that would allow him to assert such a claim in a § 2241 petition. In short, Garrett's § 2241 petition is simply unavailing.

3

Accordingly, it is **ORDERED** as follows:

1. Garrett's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

Dated January 25, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY